UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **ROY STUTSMAN & CHARLENE STUTSMAN** | : | **DOCKET NO. 6:15 CV1684** |
| **VS.** | : | **JUDGE DOHERTY** |
| **GREAT WEST CASUALTY COMPANY, ET AL.** | : | **MAGISTRATE JUDGE HILL** |

### REPORT AND RECOMMENDATION

Pending before the undersigned for Report and Recommendation is the plaintiffs' Motion to Remand this suit to the 27th Judicial District Court. [rec. doc.7]. Defendants, Great West Casualty Company ("Great West") and Charles G. Lawson Trucking, Inc. ("Lawson"), have filed Opposition. [rec. doc. 9]. Oral argument on the Motion was held and the matter was taken under advisement.

### BACKGROUND

Plaintiffs, Roy and Charlene Stutsman ("the Stutsmans"), filed this lawsuit on March 23, 2015 in the 27th Judicial District Court for St. Landry Parish, Louisiana against Great West and Lawson.

The Stutsmans' Petition alleges that they are domiciled in the City of Gonzalez, Louisiana. [rec. doc. 1-1, pg. 2, preamble]. The Stutsmans further allege that Great West is "a foreign insurance company authorized to do and doing business in the State of Louisiana" and that Lawson is "a foreign corporation authorized to do and doing business in the State of Louisiana, with a principal place of business in Louisiana located at Port Barre, St. Landry Parish . . . ." [rec. doc. 1-1, pg. 2, ¶¶ 1(1) and 1(2)].

On May 13, 2015, Great West and Lawson removed this action to this Court alleging that the matter in controversy exceeds $75,000, that the Stutsmans are Louisiana citizens, that Great West "is a foreign insurance company authorized to do business in the State of Louisiana" and that Lawson is a "foreign corporation authorized to do business in the State of Louisiana" and that this Court therefore has diversity jurisdiction under 28 U.S.C. §1332. [rec. doc. 1 ¶¶ III and IV].

On June 10, 2015, the Stutsmans filed the instant Motion to Remand arguing that Great West's and Lawson's jurisdictional allegations in their Notice of Removal are insufficient to establish that diversity jurisdiction exists. More specifically, they assert the Notice of Removal is insufficient because Great West and Lawson have failed to adequately allege their citizenship and principal place of business to establish complete diversity for purposes of this Court's diversity jurisdiction. Accordingly, the Stutsmans request that this case be remanded to state court.

By Opposition, Great West and Lawson argue that their jurisdictional allegations are sufficient because the word "foreign" sufficiently denotes that they are neither incorporated in, nor maintain a principal place of business in, Louisiana. In further support of their position, they present the affidavit of Roger M. Ross attesting that Lawson is an Alabama corporation whose major business activities are conducted at its main office in Hope Hull, Alabama [rec. doc. 9-1], Louisiana Secretary of State documentation which lists Lawson as domiciled in Alabama with its principal business

office in Hope Hull, Alabama [rec. doc. 9-2], and Louisiana Department of Insurance documentation which lists Great West's domicile and address as in Nebraska and South Sioux City, Nebraska, respectively. [rec. doc. 9-3].

## LAW AND ANALYSIS

Federal courts are courts of limited jurisdiction. *Howery v. Allstate Ins. Co.,* 243 F.3d 912, 916 (5th Cir. 2001); *Fontenot v. Granite State Insurance Co.*, 2008 WL 4822283, *3 (W.D. La. 2008). Accordingly, there is a presumption against subject matter jurisdiction that must be rebutted by the party bringing an action to federal court. *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996); *Fontenot*, 2008 WL 4822283 at *3.

Further, any ambiguities are construed against removal because the removal statute is strictly construed in favor of remand. *Manguno v. Prudential Prop. & Cas. Ins. Co.,* 276 F.3d 720, 723 (5th Cir. 2002) *citing Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000); *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008) *quoting In re Hot–Hed, Inc*., 477 F.3d 320, 323 (5th Cir. 2007). The burden of establishing federal jurisdiction rests on the party seeking the federal forum. *Howery*, 243 F.3d at 916; *Fontenot*, 2008 WL 4822283 at *3. Thus, as the parties invoking the Court's jurisdiction, Great West and Lawson, the removing defendants, bear the burden of establishing federal subject matter jurisdiction exists and also that the removal was proper. *Fontenot*, 2008 WL 4822283 at *3; *Manguno*, 276 F.3d at 723. *See also Dodson v. Spiliada Maritime Corp*., 951 F.2d 40, 42 (5th Cir.1992).

The removal statute for diversity cases provides in pertinent part:

A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441(b)(2).

In cases which are removed based on diversity, it is axiomatic that no defendant may be a citizen of the forum state.  28 U.S.C. § 1441(b); *Caterpillar Inc. v. Lewis*, 117 S.Ct. 467, 469, 473 (1996); *Washington v. Riley*, 2012 WL 2339116 at *2 .  Thus, when there is a single defendant who is a citizen of the forum state present, removal on the basis of diversity jurisdiction is barred. *Id*.  Similarly, in a case with multiple plaintiffs and multiple defendants complete diversity is required.  *Id*.; *Exxon v. Allapattah*, 125 S.Ct. 2611, 2617 (2005).  Therefore, in diversity cases,  a single non-diverse party "destroys original jurisdiction with respect to all claims" in the action. *Id.* at 2618.

The Fifth Circuit has stated that "when jurisdiction depends on citizenship, citizenship must be distinctly and affirmatively alleged." *Getty Oil Corp. v. Insurance Company of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988).  A corporation is a citizen of both the state in which it is incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1); *Tewari De–Ox Systems, Inc. v. Mountain States/Rosen, Ltd. Liability Corp*., 757 F.3d 481, 483 (5th Cir. 2014).

While denoting a corporation as "foreign" suggests that it is not a citizen of the forum State, such jurisdictional allegations are, at a minimum, imperfect.  Moreover, such

an allegation does not disclose the location of the principal place of business of a corporation. The Court therefore agrees with the Stutsmans that the removal petition, at present, does not adequately allege the citizenship of either Great West or Lawson.

In response to the instant Motion, however, Great West and Lawson do not rely solely on the defective allegations in their Notice of Removal. To the contrary, Great West and Lawson have now provided evidence to this Court to establish that both Great West and Lawson are, in fact, diverse to the Stutsmans.

However, the Stutsmans argue that Great West and Lawson cannot cure the deficiencies in their Notice of Removal by amendment, since the thirty day removal period has passed. The Court disagrees.

Once the thirty-day removal period has expired, a party may amend its removal notice to remedy defective or insufficient allegations of jurisdiction. *Guthrie v. Plains Resources, Inc.*, 2013 WL 486639, *3 (W.D. La. 2014) *citing* 28 U.S.C. § 1653[1] and *Fontenot v. Global Marine, Inc.*, 703 F.2d 867, 871 n. 7 (5th Cir. 1983) (noting that a party may cure defective allegations of jurisdiction as late as an appeal); *Rigel v. Rosewood Hotels and Resorts, LLC,* 2014 WL 6991331, *2 (N.D. Tex. 2014).

The general rule in the Fifth Circuit is that a party may amend its notice of removal to cure a defective or imperfect allegation of jurisdiction. *Guthrie,* 2013 WL 486639, at

---

[1]28 U.S.C. § 1653 provides:
    Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts.

*3 *citing D.J. McDuffie, Inc. v. Old Reliable Fire Ins. Co.,* 608 F.2d 145, 146 –47 (5th Cir .1979); *Rigel v. Rosewood Hotels and Resorts, LLC,* 2014 WL 6991331, *2 (N.D. Tex. 2014) *citing D.J. McDuffie,* 608 F.2d at 147 (explaining that a faulty allegation of jurisdiction in a notice of removal may be cured in the trial or appellate court), *Firemen's Ins. Co. of Newark, N.J. v. Robbins Coal Co.,* 288 F.2d 349, 350 (5th Cir. 1961) ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."), *Howery v. Allstate Ins. Co.,* 243 F.3d 912, 919–20 (5th Cir. 2001) ("[W]hen the record establishes the diversity of the parties, but the party asserting federal jurisdiction has failed to specifically plead that the parties are diverse, [the court of appeals] allow[s] that party to amend its pleadings to correct for their technical deficiency.") and 14C Charles Alan Wright *et al.*, *Federal Practice and Procedure,* § 3733 (4th ed. 2014) (explaining that, although there are cases to the contrary, the cases that allow the notice of removal to be amended, after the expiration of the 30–day period, to properly allege a party's principal place of business are more consistent with Federal Rule of Civil Procedure 15 and 28 U.S.C. § 1653)[2]; *Milstead Supply Co. v. Casualty Insurance Co.*, 797 F.Supp. 569 (W.D. Tex. 1992).

Indeed, courts in this Circuit have allowed parties to amend their notices of removal to add statements on the principal place of business or place of incorporation for

---

[2] Additionally explaining that after the thirty day removal period expires "most cases indicate that defendants may amend the notice only to set out more specifically the grounds for removal that already have been stated, albeit imperfectly, in the original notice. As the numerous illustrative cases cited in the note below indicate, an amendment of the removal notice may seek to accomplish any of several objectives: It may correct an imperfect statement of citizenship, state the previously articulated grounds more fully, or clarify the jurisdictional amount."

a corporate entity. *Guthrie,* 2013 WL 486639 at *3 *citing Firemen's Ins.,* 288 F.2d at 350 (allowing a defendant to amend a Notice of Removal which originally stated that the defendant was a "citizen of New Jersey" and the plaintiff was a "citizen of Alabama" to include allegations that their principal places of business were also in those states) and *Booty v. Shoney's*, 872 F.Supp. 1524, 1528–29 (E.D. La.1995) (allowing a defendant to amend a Notice of Removal which originally stated that the defendant was domiciled in Tennessee and had its principal place of business in Tennessee to include the allegation that it was also incorporated in Tennessee); *Getty Oil*, 841 F.2d at 1262; *see also Guerrero v. State Farm*, 181 F.3d 97, 1999 WL 346977, 2 (5th Cir.1999). Great West and Lawson will therefore be permitted an opportunity to cure the defective allegations of their citizenship by an Amended Notice of Removal.

For these reasons;

**IT IS RECOMMENDED** that the Motion to Remand [rec. doc. 7] be **DENIED.**

**IT IS ORDERED** that the removing defendants are granted leave to amend their notice of removal to affirmatively allege the citizenship and principal place of business of Great West and Lawson under 28 U.S.C. § 1653 **within thirty (30) days** of the date of this Order.

**IT IS FURTHER ORDERED** that the Stutsmans' right to re-urge the instant Motion is reserved in the event that the defendants' allegations or supporting evidence

a corporate entity. *Guthrie,* 2013 WL 486639 at *3 *citing Firemen's Ins.,* 288 F.2d at 350 (allowing a defendant to amend a Notice of Removal which originally stated that the defendant was a "citizen of New Jersey" and the plaintiff was a "citizen of Alabama" to include allegations that their principal places of business were also in those states) and *Booty v. Shoney's*, 872 F.Supp. 1524, 1528–29 (E.D. La.1995) (allowing a defendant to amend a Notice of Removal which originally stated that the defendant was domiciled in Tennessee and had its principal place of business in Tennessee to include the allegation that it was also incorporated in Tennessee); *Getty Oil*, 841 F.2d at 1262; *see also Guerrero v. State Farm*, 181 F.3d 97, 1999 WL 346977, 2 (5th Cir.1999). Great West and Lawson will therefore be permitted an opportunity to cure the defective allegations of their citizenship by an Amended Notice of Removal.

For these reasons;

**IT IS RECOMMENDED** that the Motion to Remand [rec. doc. 7] be **DENIED.**

**IT IS ORDERED** that the removing defendants are granted leave to amend their notice of removal to affirmatively allege the citizenship and principal place of business of Great West and Lawson under 28 U.S.C. § 1653 **within thirty (30) days** of the date of this Order.

**IT IS FURTHER ORDERED** that the Stutsmans' right to re-urge the instant Motion is reserved in the event that the defendants' allegations or supporting evidence

remains insufficient.

        Signed this 16th day of August, 2015, at Lafayette, Louisiana.

_C. Michael Hill_
C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE